IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **HILLARY JEAN EVANS** | § | |
| **Bastrop Co. #000783** | § | |
| | § | |
| **V.** | § | **A-12-CV-784-LY** |
| | § | |
| **TERRY PICKERING, LT. HOFFMAN,** | § | |
| **SGT. BATE, and DR. WEI-ANN LIN** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court

pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United

States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to

United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and more definite statement. Plaintiff, proceeding

pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the

Bastrop County Jail. Plaintiff alleges Terry Pickering is the commander and chief over

administration at the Bastrop County Jail. Plaintiff further alleges Lt. Hoffman fails to process

grievances correctly. As a result, Plaintiff contends he is unable to correspond with his wife, who

is also incarcerated in the jail. Plaintiff also alleges Sgt. Bate used the wrong date when he notarized

a document for Plaintiff. Plaintiff indicates Sgt. Bate used the date August 15, 2012, instead of

August 21, 2012. With respect to Dr. Wei-Ann Lin, Plaintiff alleges she failed to properly treat his

mouth ulcers in August 2012 and his heart disease.  Plaintiff further complains the law library is

inadequate.  Plaintiff requests the Court to order that all violations be corrected, the law library be

brought up to standards with legal aid to assist inmates, and Plaintiff be awarded an unspecified

amount of monetary damages.

　　　After considering Plaintiff's original complaint, the Court ordered Plaintiff to file a more

definite statement.  Specifically, Plaintiff was ordered to state what acts the named defendants did

to cause him damage.  The Court received Plaintiff's more definite statement on September 18,

2012.

DISCUSSION AND ANALYSIS

A.　　　Standard Under 28 U.S.C. § 1915(e)

　　　An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e)

if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal

for frivolousness or maliciousness may occur at any time, before or after service of process and

before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

　　　When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as

liberally as possible.  Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972).  However, the

petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no

license to harass others, clog the judicial machinery with meritless litigation and abuse already

overloaded court dockets."  Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.      Liability Under 42 U.S.C. § 1983

The first issue the Court must address is whether Plaintiff has stated a claim under 42 U.S.C.

§ 1983.  Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and the laws.'" Baker v. McCollan, 443 U.S. 137, 140, 99 S. Ct. 2689, 2692 (1979); Green v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994).  "By its terms, of course, the statute creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." Oklahoma City v. Tuttle, 471 U.S. 808, 816, 105 S. Ct. 2427, 2432 (1985) (citing Baker, 443 U.S. at 140, 144 n.3, 99 S. Ct. at 2692, 2694 n.3).  Even after the plaintiff has established a deprivation of a constitutional right, he must still show that the defendant was the "person" who caused the plaintiff's deprivation.  Id. at 817, 105 S. Ct. at 2433.

C.      Inadequate Library

Plaintiff has failed to allege a valid constitutional violation with respect to his access to a law library.  The United States Supreme Court has decided that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977).  The right of access to court applies to pretrial detainees confined in jail. Walker v. Navarro Cnty. Jail, 4 F.3d 410, 413

3

(5th Cir. 1993).  A county satisfies the duty with respect to indigent pretrial detainees by appointing

attorneys to represent them.  Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996).  A county must

provide an adequate law library only if it fails to provide adequate assistance from someone trained

in the law.  Green v. Ferrell, 801 F.2d 765, 772 (5th Cir.1986); Morrow v. Harwell, 768 F.2d 619,

623 (5th Cir. 1985).  Moreover, to succeed in a denial of access to court claim, an inmate must show

an actual injury.  Lewis v. Casey, 518 U.S. 343, 349-51 (1996).  He must show that such denial

frustrated or impeded his pursuit of a non-frivolous claim with arguable legal merit.  Id. at 352–53.

In the present case, Bastrop County satisfied its obligation of providing Plaintiff with access

to court by appointing an attorney to represent him in his criminal case.[1]  In addition, Plaintiff does

not allege, nor has he shown, that he was prohibited from filing any nonfrivolous claims while

confined at the Bastrop County Jail.  Indeed, he filed this action while confined there.  Because

Plaintiff fails to demonstrate how he was prejudiced by Defendants' actions or inactions, he has

failed to allege a valid constitutional violation regarding his access to courts.

D.      Grievance Process

Plaintiff appears to allege Lt. Hoffman did not properly process his grievances, specifically

with regard to Plaintiff's requests to correspond with his wife, who is also incarcerated in the Bastrop

County Jail.  Plaintiff fails to allege a valid constitutional violation with regard to the grievance

system.  Prisoners do not have a federally protected liberty interest in having their complaints

resolved to their satisfaction. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).  Moreover,

---

[1] Plaintiff indicates he was convicted of theft on August 22, 2012, and was sentenced to 180 days in state jail.

Plaintiff was advised in responses to his grievances attached to his complaint that his correspondence request would be considered for approval if he could show proof of his marriage.

E.      Notary

Plaintiff further alleges Sgt. Bate used the wrong date when he notarized Plaintiff's signature on his exhibit attached to his complaint. Plaintiff makes no attempt to explain how this violates his constitutional rights. The use of the allegedly wrong date certainly has not prejudiced Plaintiff in this case. As such, Plaintiff has failed to state a valid constitutional claim.

F.      Medical Care

Construing Plaintiff's complaint liberally, as the Court must, Plaintiff appears to be alleging Dr. Lin provided him with inadequate medical care. Plaintiff appears to allege he informed Dr. Lin he was allergic to beans, and as a result, he was told to pick the beans out of his food. Although Plaintiff's more definite statement is not clear, he may be alleging this caused him to suffer an intestinal blockage and ulcers in his mouth. According to Plaintiff, he received treatment for these ailments and is now receiving a special diet. Plaintiff also alleges his blood pressure was not recorded from booking or medical screening and that he told booking officials that pork causes his blood pressure to go up. According to Plaintiff, he was taken to the hospital in September where he received multiple medical tests after possibly suffering a heart attack.

To succeed in this civil rights action, Plaintiff must establish Dr. Lin was deliberately indifferent to his serious medical condition, "an extremely high standard to meet." Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001); see also Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety . . . ."). An incorrect

medical diagnosis is not sufficient to establish a claim.   Domino, 239 F.3d at 756.  Also,

disagreement with a course of medical treatment will not suffice. See Norton v. Dimazana, 122 F.3d

286, 292 (5th Cir. 1997); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

      Plaintiff's allegations do not allege officials "refused to treat him, ignored his complaints,

intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a

wanton disregard for any serious medical needs." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir.

1985).  Plaintiff's disagreement with the treatment that he received does not establish a claim upon

which relief may be granted.  See Estelle v. Gamble, 429 U.S. 97, 99-101 (1976) (prisoner's section

1983 suit for alleged denial of medical treatment dismissed for failure to state a claim, despite

evidence of minor medical response in the face of repeated prisoner complaints); Domino, 239 F.3d

at 753-54 (prison psychiatrist not deliberately indifferent for failing to predict prisoner's suicide after

a five minute interview with prisoner); Johnson, 759 F.2d at 1237 (prisoner's suit dismissed upon

state's showing of continuing medical treatment).  As such, Plaintiff has failed to state a valid

constitutional violation with respect to Dr. Lin.

      F.      Supervisory Liability

Finally, Plaintiff appears to seek that the court hold Defendant Pickering liable in his

supervisory capacity.  However, supervisory officials cannot be held vicariously liable in civil rights

cases solely on the basis of their employer-employee relationship.  Monell v. Dep't of Social

Services, 436 U.S. 658, 693 (1978);  Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983).  If a

supervisor is not personally involved in the alleged constitutional deprivation, he may be held liable

only if there is a sufficient causal connection between the supervisor's wrongful conduct and the

constitutional violations.  Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).  In order to

demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that

the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional

violation." Id. at 304.  Plaintiff has failed to provide a basis for holding Defendant Pickering liable

in this case.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for

failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three

actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure

to state a claim on which relief may be granted, then he will be prohibited from bringing any other

actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C.

§ 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is

recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro

Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file

written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636

(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained

within this report within 14 days after service shall bar an aggrieved party from de novo review by

the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(en <u>banc</u>); <u>Thomas</u>

<u>v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and

Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return

receipt requested.

SIGNED this 10th day of October, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE